STATE, *ex rel.* Maynard H. Evans, Frances L.Bankener and J. R. Holbrook, as Trustees of Special Tax School District No. 1 of Orange County, v. GEO. A. BARKER, SR., JULIAN E. SADLER and IRA J. JOHNSTON, as and constituting the Board of Public Instruction for the County of Orange.

168 So. 534.

Division A.

Opinion Filed May 23, 1936.

*Warlow & Carpenter,* for Relators.

*G. B. Fishback,* for Respondents.

DAVIS, J.—This case was heretofore considered by this Court in an opinion filed herein on March 30, 1936. It is again before us on pleadings that now raise the following additional objections on the part of respondents to the validity of the Special Tax District bonds proposed to be issued by relators:

(1) That although the 1935 assessment roll of Special Tax School District No. 1 of Orange County shows taxable property in the amount of $9,001,350.00, which is suffficient to sustain the validity of the bond issue involved, in view of what was held in the previous opinion with reference to applying Section 17 of Article XII to the situation presented by the pleadings, that nevertheless the showing of the tax assessment roll is not a true reflection of what the taxable property in the special tax school district may, *in fact,* be, for the reason that the County Tax Assessor in making up the roll, did not exclude therefrom homestead properties potentially exempt from taxation under Section 7 of Article X of the Constitution unless exemption therefrom was claimed by the homesteader in the course of the preparation of the roll.

In other words, it is suggested that the bonds are unauthorized because should it be later determined that the ex-

emptions of Section 7 of Article X of the Constitution are applicable to homesteads, whether claimed or not, at the time of the making of the assessment, that then the unclaimed exemptions applicable to the 1935 roll in question, if hereafter ascertained, calculated and subsequently excluded from the total taxable property now shown on the tax roll, may work such a deduction from the total taxable properties shown thereon, as to cause the proposed special tax school district bonds in question to exceed the constitutional debt limit prescribed by Section 17 of Article XII, and thereby render the same void.

(2) That although the issuance of the involved bonds have in fact been duly voted for and approved by a majority of the freeholders voting at an election held in which a majority of the freeholder electors participated, as required by amended Section 6 of Article IX of the Constitution, that the County Board of Public Instruction proceeded in compliance with Sections 720-726 C. G. L., 579-585 R. G. S., and did not comply with the provisions of Chapter 14715, Acts 1931, Laws of Florida, in the calling and holding of the bond election in controversy, in consequence of which the bonds so apparently authorized by a vote of the freeholders are in truth and in law bonds that have never been authorized in an election called and held pursuant to an applicable state statute, hence the bonds are unauthorized in law and are void.

The first stated objection is obviously without merit.

Section 17 of Article XII makes the tax assessment roll as it has been actually prepared the criterion by which it is to be determined whether or not the constitutional debt limit of that section has been exceeded as to the percentage relationship required to be maintained between the aggre-

gate debt and the assessed valuation of the special tax school district.

Casual errors such as omissions of items or persons, and even the erroneous inclusion of individually exempt properties by showing them as taxable on a tax roll are subject to correction on the special complaint of the individual taxpayers affected. But they are of no consequence in working a reduction in the total taxes assessed on the roll itself when it leaves the hands of the Tax Assessor, unless timely asserted by the taxpayer in appropriate proceedings instituted by them for the correction of the roll by the Assessor. Such casual errors, if any, are therefore to be disregarded for the purpose of applying the provisions of Section 17 of Article XII of the Constitution in the calculation of bond ratios to debt limit. This is so because the Constitution contemplates that the tax roll *as prepared* in the course of law by the Assessor be the constitutional evidentiary guide required to be looked to by the school authorities in determining whether bonds about to be issued by them exceed the constitutional debt limit of Section 17 of Article XII. Hence the determination of such proposition is a question of fact for the issuing authorities to decide on the basis of the tax roll as evidence.

So in the absence of some showing of fraud, the tax roll as prepared in due course of official procedure by the County Tax Assessor is entitled to be relied on and accepted as evidence by the school authorities when they proceed to determine the question of debt limit required to be decided by them before issuing special tax school district bonds in accordance with Section 17 of Article XII.

The second objection heretofore stated is likewise without merit.

While proceedings for the calling of elections to author-

ize the issuance of Special Tax School District Bonds pursuant to Section 17 of Article XII of the Constitution may be called and lawfully conducted under Chapter 14715, Acts 1931, which is an additional and supplementary general statute setting up the election machinery for issuance of any kind of "bond" that is required to be voted for under amended Section 6 of Article IX of the Constitution before being issued, that Chapter is not exclusive of other general or special statutory provisions authorizing the calling and holding of bond elections, and the declaration of the result thereof in such manner as to evidence compliance with said amended Section 6 of Article IX.

Therefore a special tax school district bond election called and held in accordance with Sections 720-726 C. G. L., 579-585 R. G. S., is a valid method of securing the expression of the freeholder electors of a special tax school district with reference to issuance of bonds under authority of Section 17 of Article XII, although Chapter 14715, Acts 1931, is likewise applicable and may be followed at the option of the school authorities with respect to the election condition precedent essential to the issuance of special tax school district bonds in accordance with organic limitations as to the procedure therefor.

The amended answer to the alternative writ of mandamus is held insufficient. The peremptory writ of mandamus is awarded.

Peremptory writ of mandamus awarded.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.